**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

**<u>Nathan Ravell</u>**


         **v.**                              **Civil No. 10-cv-420-JL**


**<u>Richard Gerry, Warden,</u>**
**<u>New Hampshire State Prison</u>**


**<u>O R D E R</u>**


     Nathan Ravell has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (document no. 1), alleging that his conviction was obtained in violation of his rights under the Double Jeopardy Clause of the Fifth Amendment and his Sixth Amendment right to the effective assistance of appellate counsel. The matter is before the Court for an initial review to determine whether or not the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring judge to promptly examine § 2254 petition to determine its facial validity).

**Standard of Review**

In conducting a preliminary review of pleadings filed by a pro se petitioner, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

<u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  <u>Id.</u> (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 1950 (citation omitted).

### Background

Nathan Ravell was arrested and charged in the Cheshire County Superior Court with possessing child pornography.  At least five of the charges were for images found on a computer located at his home (hereinafter the "subject images"), located in Cheshire County, pursuant to a search warrant.  Simultaneously with the search of his home, Ravell was pulled over and arrested while driving in Carroll County.  At the time of his arrest in

3

Carroll County, Ravell was in possession of a CD that contained
the subject images that had been copied from his home computer.
Ravell pleaded guilty in Cheshire County to the charges regarding
the subject images on his home computer.  He was convicted after
a bench trial in Carroll County of possessing child pornography
charges, including charges that he possessed the subject images
on the CD in his car.

Ravell appealed his Carroll County conviction to the New
Hampshire Supreme Court.  His notice of appeal raised state and
federal constitutional arguments that the Carroll County
prosecution violated his double jeopardy rights, because he was
twice placed in jeopardy for possessing the same subject images.

Ravell's appellate counsel, David Rothstein, briefed and
argued only the federal constitutional issue, having made a
strategic decision not to argue, and thus to waive, the state
constitutional argument.  Rothstein did not consult with Ravell
prior to making the decision to forego the state constitutional
claim, although he did provide Ravell with a copy of both his
brief and the state's brief once they were filed.  Ravell was
unaware, based on a reading of the briefs, of any significance
that might attach to briefing only the federal constitutional

issue.  The New Hampshire Supreme Court affirmed Ravell's
conviction in a 3-2 decision.  See State v. Ravell, 155 N.H. 280,
281, 922 A.2d 685, 686 (2007) ("On appeal, the defendant . . .
urges us to vacate his convictions and sentences on the Carroll
County indictments, arguing that they violate the prohibition
against double jeopardy under the Federal Constitution.  He does
not advance a double jeopardy argument under the State
constitution.").  The dissenting opinion concluded by noting
that:  "[T]he majority's holding is decided solely under the
Federal Constitution.  Nothing in today's opinion prevents
another defendant from bringing a state constitutional claim in a
future case." Id. at 288 (Duggan, J., dissenting).

    Upon receipt of the New Hampshire Supreme Court's opinion,
Ravell filed a request for post-conviction relief in the state
Superior Court, alleging that his appellate counsel had been
ineffective for waiving Ravell's state constitutional argument
without consulting or obtaining consent from Ravell.  After a
hearing, the Superior Court ruled that counsel's performance, in
failing to consult with Ravell and obtain his consent before
waiving the state constitutional double jeopardy argument, had
fallen below an objective standard of reasonableness, but that

the weakness of the state argument required a finding that no prejudice to Ravell ensued from the substandard performance. State v. Ravell, No. 08-E-118 (Carroll Cnty. Super. Ct. Aug. 3, 2009) (Order denying Motion for Relief Due to Ineffective Assistance of Counsel).  The Superior Court denied Ravell's motion for a new appeal.  Id.

Ravell appealed the Superior Court's denial to the New Hampshire Supreme Court.  The New Hampshire Supreme Court accepted the case.  The matter was scheduled for oral argument in September 2010.  Ravell filed a motion to withdraw the appeal, citing his "great[] concern[] that the outcome of th[e] appeal will likely have unforeseen ramifications that could curtail or limit a citizen[']s future rights to seek relief."  See State v. Ravell, No. 09-0742 (N.H. Sup. Ct. Aug. 19, 2010) (Motion to Withdraw Appeal of Defendant's Motion for Relief Due to Ineffective Assistance of Counsel).  Further, Ravell's Motion indicates that even if he were successful in winning a new appeal, the pendency of that appeal would prevent his entry into the prison's sexual offender treatment program and likely delay his parole eligibility.  The New Hampshire Supreme Court granted Ravell's motion and dismissed the appeal.

This petition followed.  In his petition before this Court, Ravell raises two claims[1]:

1.   Ravell's Carroll County convictions violate his right under the Double Jeopardy Clause of the Fifth Amendment not to be twice placed in jeopardy for the same offense.

2.   Ravell's Sixth Amendment right to the effective assistance of appellate counsel was violated when his appellate attorney waived his state constitutional double jeopardy argument without consulting Ravell or obtaining Ravell's consent.

## Discussion

### I.   Custody

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)).  Ravell is in prison for the conviction and

---

[1]The claims as identified here will be considered to be the claims raised in the petition for all purposes.  If Ravell disagrees with this identification of his claims, he must do so by properly moving to amend his petition.

sentence challenged here.  Accordingly, he is in custody for purposes of § 2254(a).

## II.  **Exhaustion**

To be eligible for habeas relief, Ravell must show that, for all of the claims raised here, he has either exhausted all of his state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  "A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

"In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would

have been alerted to the existence of the federal question.'"
<u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal
quotations and citation omitted); <u>Picard v. Connor</u>, 404 U.S. 270,
277-78 (1971) (to satisfy exhaustion requirement petitioner must
have fairly presented the substance of his federal claim to the
state courts).  The purpose of a "fair presentation" requirement
is to "provide the state courts with a 'fair opportunity' to
apply controlling legal principles to the facts bearing upon his
constitutional claim.'"  <u>Anderson v. Harless</u>, 459 U.S. 4, 6
(1982) (quoting <u>Picard</u>, 404 U.S. at 276-77).  A habeas petitioner
may fairly present a claim by doing any of the following:  "'(1)
citing a provision of the federal constitution; (2) presenting a
federal constitutional claim in a manner that fairly alerts the
state court to the federal nature of the claim; (3) citing
federal constitutional precedents; or (4) claiming violation of a
right specifically protected in the federal constitution.'"
<u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) (citation
omitted), <u>cert. denied</u>, ___ U.S. ___, 129 S. Ct. 2064 (2009).

   **A.   <u>Claim 1 – Double Jeopardy</u>**

   Ravell fully litigated his federal double jeopardy argument
in his direct appeal.  The New Hampshire Supreme Court considered

Ravell's argument and decided the issue in a written opinion.
There is no question that Ravell's federal double jeopardy claim
has been fully exhausted and is ready to proceed.

**B.   Claim 2 - Ineffective Assistance of Counsel**

Ravell litigated his ineffective assistance of counsel
argument in the state Superior Court.  He then filed a notice of
appeal and, apparently, a brief on the issue in the New Hampshire
Supreme Court.  Before the Court could hear and consider Ravell's
argument, however, Ravell voluntarily dismissed his appeal.
Accordingly, the New Hampshire Supreme Court was not afforded the
opportunity to pass on the federally-based ineffective assistance
of counsel claim.  This claim has not been exhausted in the state
court.

**III. Mixed Petition**

Ravell's petition contains one exhausted and one unexhausted
claim, and is therefore a "mixed petition."  If Ravell were to
press his mixed petition without exhausting the ineffective
assistance of counsel claim, the Court would be forced to dismiss
the entire petition.  See Rhines v. Weber, 544 U.S. 269, 274
(2005) (federal district courts reviewing habeas petitions must
comport with "total exhaustion" requirement by dismissing mixed

petitions without prejudice until all claims are exhausted);
Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose
v. Lundy, 455 U.S. 509, 513-21 (1982) (court must dismiss a mixed
petition in its entirety)).  The Rhines Court was aware that the
total exhaustion requirement was problematic because of the one
year statute of limitations imposed on federal habeas petitions
by 28 U.S.C. § 2244(d).  See Rhines, 544 U.S. at 275-76.
Accordingly, the Court authorized the federal district courts to
grant a petitioner a stay of his exhausted claims, in limited
circumstances, to enable him to exhaust his unexhausted claims.
See id. at 277.  Specifically, a district court should grant a
stay where:  (1) "the district court determines there was good
cause for the petitioner's failure to exhaust his claims first in
state court;" (2) the claims are not "plainly meritless;" and (3)
"there is no indication that the petitioner engaged in
intentionally dilatory litigation tactics."  Id. at 277-78.
Furthermore, any stay granted must be conditioned on the
petitioner pursuing his state court remedies expeditiously--
typically within thirty days after the stay is entered--and
returning to the federal court promptly upon completing
exhaustion in the state courts.  Id. at 278.  Finally, if the

district court finds that a stay is inappropriate in a given case, the petitioner should be allowed to voluntarily dismiss his unexhausted claims to allow his exhausted claims to proceed where dismissing the entire petition would endanger the petitioner's ability to return to the federal court to obtain relief.  <u>Id.</u>

Here, Ravell has promptly pursued relief in the state courts and then in this Court.  The record, at this stage of proceedings, does not suggest "intentionally dilatory litigation tactics" on Ravell's part.  <u>See</u> <u>id.</u> at 277-78.  Further, based on Ravell's pleadings alone, a finding that Ravell's ineffective assistance of counsel claim is "plainly meritless" is inappropriate at this time.  <u>See</u> <u>id.</u> at 277.  The court cannot, however, determine on the record before it whether Ravell can show "good cause" for failing to exhaust his ineffective assistance of counsel claim.  Accordingly, if he wishes to return to the state courts to exhaust his ineffective assistance of counsel claim, Ravell will be given the opportunity to move for a stay of this action, upon his demonstrating "good cause" for failing to exhaust that claim to date.

**Conclusion**

The Court finds that Ravell's petition is a mixed petition, containing one exhausted claim, asserting a denial of his Fifth Amendment right to be protected from being twice placed in jeopardy for a single offense, and one unexhausted claim, asserting a violation of his Sixth Amendment right to the effective assistance of appellate counsel.  Ravell is, accordingly, ordered to either:

1.   Notify the Court, in writing, within thirty (30) days of the date of this Order, that he seeks to voluntarily dismiss his ineffective assistance of counsel claim and have his exhausted double jeopardy claim promptly reviewed.  Ravell should be aware that such a voluntary dismissal will likely prevent him from ever litigating the ineffective assistance of counsel claim in a federal habeas action due to the habeas statute's prohibition on second or successive habeas petitions.  See 28 U.S.C. § 2244(a) & (b);

2.   Notify this Court, in writing, within thirty (30) days of the date of this Order, that he seeks to pursue both his exhausted and unexhausted claim at this time.  This course of action will require the Court to dismiss his entire petition

13

without prejudice to refiling after all of the claims have been exhausted in the state courts; or

    3.   File a motion, within thirty (30) days of the date of this Order, seeking a stay of this action so that the unexhausted claim can be exhausted in the state courts before this action proceeds.  Such a motion must demonstrate "good cause" for Ravell's failure, to date, to exhaust his unexhausted claim.


       **SO ORDERED.**

                             _____
                             Joseph N. Laplante
                             United States District Judge


Date:  November 17, 2010

cc:  Nathan Ravell, pro se

14